# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

STELLA ROSS,

        Defendant.

No. 24-CR-4071-LTS-KEM

**REPORT AND RECOMMENDATION**

---

Defendant Stella Ross is alleged to have assaulted a security guard working at the Social Security Administration. The indictment charges her with assaulting a federal officer in violation of 18 U.S.C. § 111 (Count 1) and influencing a federal official by threat in violation of 18 U.S.C. § 115 (Count 2). Doc. 10. The alleged victim worked for a private company that contracts with the federal government to provide security for the Social Security Administration. Ross moves to dismiss the indictment against her because the victim is a contract employee, rather than a government employee. Ross argues that for a victim to qualify as "assisting" a federal "officer or employee in the performance of [official] duties" (for purposes of 18 U.S.C. § 1114, referenced by both § 111 and § 115), the victim must be assisting a specific federal employee, rather than assisting a federal agency in general. Ross also argues that the "assistance" clause of § 1114 is not incorporated into § 115, since it applies only to *officials* whose killings would be a crime under § 1114. The Government resists. Doc. 40. I recommend **denying** the motion to dismiss (Doc. 37).

## I. ASSISTING A FEDERAL OFFICER OR EMPLOYEE

Assaulting a federal officer under 18 U.S.C. § 111(a)(1) defines the required victim as "any person designated in section 1114 of this title while engaged in or on

account of the performance of official duties."  Section 1114 in turn criminalizes killing or attempting to kill:

> any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance.

"Whether [a person] in [the victim's] position"—here, an employee of a private company under contract with the federal government to provide security—meets the statutory definition of a victim "is a 'threshold legal question' for the court."[1]  Whether the victim here actually was such an employee, "as well as whether he was engaged in official duties at the time of the incident, are questions of fact for the jury."[2]

Ross argues that generally "assisting" a federal agency through private-sector contract work fails to meet the statutory definition of a victim (which includes "any person assisting [a United States officer or employee] in the performance of [their] duties or on account of that assistance").  Ross argues that the victim must be actively assisting an individual federal employee to qualify, rather than working for an agency generally under contract.  Ross relies on *United States v. Washington*, in which the Third Circuit held that the evidence at trial was insufficient to show the victim was assisting an individual federal employee.[3]  But as Ross acknowledges, in that case, the court did "not consider whether assistance to an agency in general can support [a] conviction," since the government expressly disclaimed reliance on such a theory.[4]

---

[1] *United States v. Roy*, 408 F.3d 484, 489 (8th Cir. 2005) (quoting *United States v. Bettelyoun*, 16 F.3d 850, 853 (8th Cir. 1994)).

[2] *Id.*

[3] 79 F.4th 320, 327-28 (3d Cir. 2023).

[4] *Id.* at 327.  The victims in *Washington* were private security guards whose employer had contracted with Federal Protective Services (FPS), the federal agency in charge of providing security to federal property, to provide security to a Social Security Administration building.

2

In *United States v. Feola*, the Supreme Court recognized that Congress intended for § 111 "to protect both federal officers and federal functions."[5] Thus, the Eighth Circuit has held that "§ 111 . . . applies to state officers who are performing federal functions under a contract, whether or not federal personnel are present."[6] The same reasoning applies to private-sector employees—by "performing a federal function under contract, they qualify as persons assisting federal officers."[7]

---

*Id.* at 322. The Third Circuit held the following evidence insufficient to prove the victims "were assaulted while assisting specific federal officers or employees in the performance of their official duties":

- The victims' general testimony that they were "assisting the Federal Protective Service" at the time of the assault.

- Testimony that unnamed FPS employees' official duties included "training contractors in baton use, firearm qualifications, and using on-site equipment like x-ray machines," when the victims "provided no assistance to the unnamed officers in performing those duties."

- Testimony that Social Security Administration employees' official duties included processing disability claims and providing surveillance footage to the government, when the victims "were not assaulted for assisting" with either of these things (they were assaulted when preventing the defendant from entering a closed building).

- Testimony from an FPS employee that he ultimately came to arrest the defendant after the defendant had assaulted and been subdued and handcuffed by the victims. The court noted the victims "were assaulted before attempting to arrest [the defendant], so the assault was not based on assisting the performance of that duty."

*Id.* The court noted this evidence "at best" supported that the victims "were assisting the FPS— the precise argument [the government] disavowed"—rather than "assisting a specific officer." *Id.* at 328.

[5] 420 U.S. 671, 679, 684 (1975) (addressing mens rea requirement of § 111 and holding that § 111 requires "intent to assault, not an intent to assault a federal officer").

[6] *United States v. Luedtke*, 771 F.3d 453, 455 (8th Cir. 2014) (when United States Marshals Service contracted with local jails to house federal pretrial detainees, jail correctional officer assaulted by federal pretrial detainee was "assisting federal officers" for purposes of § 111); *see also United States v. Burrage*, 75 F.4th 953, 957-58 (8th Cir. 2023) (same).

[7] *Luedtke*, 771 F.3d at 455.

3

I recommend finding that Ross's argument that the victim must be assisting a specific federal employee is foreclosed by Eighth Circuit precedent. I therefore recommend denying Ross's motion to dismiss as it relates to the § 111 charge (Count 1).

## II.   "OFFICIAL" REQUIREMENT OF § 115

Ross raises an additional argument for dismissal of the § 115 charge (Count 2). Section § 115 applies when the victim is "an official whose killing would be a crime under" § 1114. As noted above, section 1114 criminalizes killing:

> any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance.

Ross argues that by using the term "official" (as opposed to "person," like § 111), § 115 does not incorporate all victims covered by § 1114. Ross argues that "officials whose killing would be a crime under" § 1114 includes only federal officers and employees, not those assisting federal officers and employees.

In *United States v. Wynn*, the Eighth Circuit addressed whether § 115's use of "official" meant that only federal "officers" under § 1114 could be victims, rather than federal "employees."[8] The court relied heavily on the Third Circuit's decision in *United States v. Bankoff*,[9] addressing the same issue. The court noted that when Congress first enacted § 115 in 1984, § 1114 covered "a long list of federal personnel," naming "''officers,' 'employees,' 'members,' and 'agents' of [various] federal departments and agencies'" as potential victims.[10] Like the Third Circuit, the Eighth Circuit reasoned that considering this context, "§ 115's reference to an 'official'" was "not used as a term of

---

[8] 827 F.3d 778, 783-85 (8th Cir. 2016).

[9] 613 F.3d 358 (3d Cir. 2010).

[10] *Id.* at 784 (quoting ***Bankoff***, 613 F.3d at 369-70).

4

limitation, but as a general term that incorporates by reference all the individuals protected under § 1114, both 'officer[s] and employee[s],'" to avoid "the need to restate the lengthy list in § 115 itself."[11]  Congress amended § 1114 in 1996 to its current language, eliminating the "lengthy list" and employing a catch-all instead, expanding the definition of victim to include any federal officer, federal employee, or person assisting them.  The Eighth Circuit noted nothing in the legislative history suggested that "'Congress intended to change, or to clarify, the fundamental relationship between' § 115(a)(1)(B) and § 1114."[12]  The court concluded:

> [T]he critical question is whether Congress intended to limit the cross reference to § 1114 by using the word "official" *when it enacted § 115 in 1984*.  As the Third Circuit explained, the answer to that question is no, taking account of the context of the statute at that time.  We conclude that the answer to that question did not change simply because Congress failed to amend or clarify the list of persons covered by § 115 when it expanded the universe of cross-referenced federal employees in § 1114 twelve years later.[13]

In *United States v. Anderson*, the Ninth Circuit relied on the reasoning of *Wynn* and *Bankoff* to hold that "§ 115 incorporates all persons described in § 1114," including people "assisting an officer or employee with their official duties."[14]  Ross relies on the dissent, which agreed with the outcome in *Bankoff* and *Wynn*, but would have held that those assisting federal officers and employees are assisting federal officials, not federal officials themselves.[15]  Therefore, the dissent would have held that for § 115, "an official whose killing would be a crime under § 1114" did not include private contractors, even those providing assistance to federal officials who would have qualified as victims under

---

[11] *Id.* at 783-84 (alterations in original) (quoting **Bankoff**, 613 F.3d at 369-70).

[12] *Id.* (quoting **Almendarez-Torres v. United States**, 523 U.S. 224, 234 (1998)).

[13] *Id.* at 785 (footnote omitted).

[14] **United States v. Anderson**, 46 F.4th 1000, 1007 (9th Cir. 2022).

[15] *Id.* at 1011-12 (Fletcher, J., dissenting).

§ 1114.[16] The dissent relied on the plain language of the statute rather than its history; as the majority noted, "the dissent d[id] not explain how the subsequent expansion of § 1114 transformed the term 'official' in § 115 into a term of limitation, when it was not a term of limitation originally."[17]

Had the Eighth Circuit not yet analyzed the precise term at issue in this statute ("official"), perhaps the court would feel obligated to delve into the propriety of considering the statutes' history (as in three circuit court holdings), rather than relying only on their current language (as in the *Anderson* dissent). But the Eighth Circuit has already analyzed the statute and relied on its history. I agree with the majority opinion in *Anderson* that the reasoning in *Bankoff* and *Wynn* applies with equal force to those who are victims under § 1114 by nature of their assistance to federal officers and employees. The Eighth Circuit has held that the use of "official" in § 115 was not meant to be a term of limitation and was akin to saying "individual." "An [individual] whose killing would be a crime under § 1114" clearly encompasses all victims under § 1114, including those providing assistance to federal officers and employees. *Wynn* forecloses Ross's argument.[18]

Ross also argues that a federal regulation lists the potential victims under § 1114 and does not include those providing assistance to federal agencies in charge of security.[19] This regulation is a relic from before § 1114's amendment in 1996, when a category of listed victims under § 1114 included "any other officer or employee of the United States

---

[16] *Id.*

[17] *Id.* at 1007 (majority opinion).

[18] I also note that at the time of § 115's enactment in 1984, a listed victim under § 1114 included "any officer, employee or agent of the customs or of the internal revenue or any person assisting him in the execution of his duties." *Bankoff*, 613 F.3d at 368 n.9 (quoting **18 U.S.C. § 1114** (1984)).

[19] *See* **28 C.F.R. § 64.2**.

6

or any agency thereof designated for coverage under this section in regulations issued by the Attorney General."[20]

I recommend denying Ross's motion to dismiss as it relates to the § 115 charge (Count 2).

### III.  CONCLUSION

I recommend **denying** Ross's motion to dismiss (Doc. 37).

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections.  A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections.[21]  Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.[22]  Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[23]

**DATED** January 22, 2025.

Kelly K.E. Mahoney
Chief Magistrate Judge
Northern District of Iowa

---

[20] **18 U.S.C. § 1114** (1994).

[21] **LCrR 59**.

[22] *See* **Fed. R. Crim. P. 59**.

[23] *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

7